Cranch, C. J.,
delivered the opinion of the Court. This is an indictment under the Act of Congress of 1790, [1 Stat. at Large, 112,] for stealing a tub of butter. The indictment states that the prisoner feloniously took, and carried away, &c., contrary to the form of the statute in the case made, &c. The question for the consideration of the Court is, whether the prisoner is entitled to a peremptory challenge.
By the Act of Congress of March 3, 1801, [2 Stat. at Large, 115,] it is enacted, “ That all felonies, committed within the county of Alexandria, shall be punished in the same manner as such crimes were punishable by the laws of Virginia, as they existed prior to the year 1796.” The indictment charges a felony, and by the laws of Virginia, as they existed prior to 1796, its punishment was death, with the benefit of clergy.
The Act of Assembly of Virginia of November 13, 1792, (p. 103, Old Rev. Code, 110, § 8,) says, “ No .person, arraigned for treason, shall be admitted to a peremptory challenge above the number of twenty-four, nor shall any person, arraigned for murder or felony, be admitted to a peremptory challenge above the number of twenty.” And the 18th section declares, that if the prisoner persists in challenging more than the law allows, he shall be considered as convicted, and judgment shall be passed accordingly. The Act of December 26, 1792, (p. 206,) § 3, declares, that if any principal offender shall be convicted of any felony, or shall challenge peremptorily more than twenty of the jurors, it shall be lawful to proceed against the accessory in the same manner as if such principal felon had been attainted thereof, *331 “ notwithstanding such principal felon shall be admitted to the benefit of his clergy.” This shows clearly the understanding of the legislature, that in clergyable offences the prisoner had a right of peremptory challenge. Indeed, it is a common law privilege in all cases of felony, which has not been taken away by an Act of Assembly. By the Act of 15th December, 1796, § 13, (p. 357,) the Penitentiary Act of Virginia, the claim of benefit of clergy is abolished. But by the 26th section (p. 359) the privilege of peremptory challenge is retained in all cases where it was enjoyed before that act. By the Act of 27th November, 1789, (pp. 45, 46,) the benefit of clergy is to be allowed in all cases where it is not expressly taken away by Act of Assembly.
The indictment describes the common law offence of grand larceny, and by striking out the words, “ contrary to the form of the statute, See.,” it will be a good indictment at common law. As to the punishment of felonies, the Act of Congress of 3d March, 1801, [2 Stat. at Large, 115,] is positive, and so far repeals the Act of 1790. But if the indictment had not charged the taking to be felonious, it may be doubted whether it would not have been a good indictment under the Act of 1790, and whether the Court might not have imposed the statutory punishment, and denied the claim of peremptory challenge. However, inasmuch as it is charged as a felony, and the laws of Virginia give a right of peremptory challenge in all cases of felony, there can be no question that the prisoner is entitled to it.